# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-0463V
(Not to be Published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JESSICA BUCKINGHAM,                *
                                   *   Special Master Oler
                  Petitioner,      *   Filed: February 25, 2019
       v.                          *
                                   *   Petitioner's Motion for a Decision;
SECRETARY OF HEALTH                *   Dismissal of Petition; Vaccine
AND HUMAN SERVICES,                *   Act; Denial Without Hearing.
                                   *
                  Respondent.      *
                                   *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Raeann Warner*, Jacobs & Crumplar, P.A., Wilmington, DE, for Petitioner.

*Lara Ann Englund*, U.S. Dep't of Justice, Washington, D.C. for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On April 12, 2016, Jessica Buckingham ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she developed Guillain-Barré syndrome ("GBS") following the receipt of the influenza ("flu") vaccine on October 8, 2014. Petition ("Pet.") at 1, ECF No. 1.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).


On April 12, 2016, in conjunction with her Petition, Petitioner filed numerous medical records and her expert report. Ex. 1-11, ECF No. 1.  Petitioner's expert report was completed by Dr. Alan J. Fink. Ex. 11, ECF No. 1.  In that report, Dr. Fink provided his opinion that, following an evaluation of Petitioner and of the medical records, he agreed Petitioner had developed GBS. *Id*.  Dr. Fink did not offer a causation theory or address the appropriateness of the onset time frame in Petitioner's case of GBS but stated generally that Petitioner developed acute GBS after her flu vaccination. *Id*.  Dr. Fink further discounted the possibility of a pre-existing upper respiratory tract infection ("URI"). *Id*. at 2.

On May 23, 2016, Petitioner filed an intent to submit additional records via a CD-ROM. ECF No. 7.  On June 9, 2016 and August 11, 2016, Petitioner filed additional outstanding records. ECF No. 9, 12.  On September 9, 2016, Respondent filed a status report stating that the record was now complete and ready for analysis. ECF No. 15.

On October 20, 2016, Respondent filed his Rule 4(c) Report. Respondent's Report, ECF No. 16.  In that Report, Respondent asserted that Petitioner has not offered sufficient evidence in support of her burden of proof. *Id*.  He stressed that Petitioner's expert report did not include a medically plausible causation theory in support of her asserted position. *Id*. at 9.  Respondent further contended that Petitioner failed to eliminate alternative causes for her GBS. *Id*.  Finally, Respondent argued that the time frame of onset asserted by Petitioner is "outside any medically plausible time frame for vaccine causation." *Id*. at 10.

On February 16, 2017, Respondent filed an expert report by Dr. Robert Fujinami. ECF No. 22.  In his report, Dr. Fujinami questioned the plausibility of developing GBS within 12-24 hours after vaccination. *Id.* While he agreed that Petitioner likely suffered from GBS, he argued that the vaccination was too close in time to symptom presentation to infer a causal connection. *Id*.  Rather, Dr. Fujunami asserted that, due to the complex immune response that must occur, the presentation of GBS should take at least 1-3 days, and that the pre-existing URI was a more likely trigger for Petitioner's GBS. *Id*.

On November 29, 2017, this case was assigned to my docket. ECF No. 25.  On January 3, 2018, I ordered Petitioner to file records corresponding to her May 23, 2016 filing. ECF No. 28; *see* ECF No. 7.

After thorough evaluation of the entire record, I held a status conference on November 5, 2018. *See* Minute Entry of 11/06/2018.  I discussed my view on the main issue in this case and expressed to Petitioner my concern that Petitioner had not met her burden in proving that a less than 12-hour onset of GBS after vaccination is medically appropriate. *Id*. I told Petitioner that I intended to issue an Order to Show Cause. *Id.*; *see also* ECF No. 31.  In that Order, I directed

Petitioner to produce a supplemental expert opinion that discusses a medical causation theory linking the development of GBS to Petitioner's preceding flu vaccination and supporting an onset of Petitioner's GBS 10.5 hours after vaccination. ECF No. 31 at 3. In the alternative, I directed Petitioner to file a motion for a decision dismissing her petition. *Id*. at 4.

On February 21, 2019, Petitioner filed the present motion to dismiss her claim, indicating that "[a]n investigation of the facts and science supporting her case has demonstrated to Petitioner that she will be unable to prove that she is entitled to compensation in the Vaccine Program." *See* Petitioner's Motion to Voluntarily Dismiss pursuant to Rule 41(a), ECF No. 34.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of her vaccinations, or (2) that she suffered an injury that was actually caused by a vaccine. *See* Sections 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. Section 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim, therefore, cannot succeed and in accordance with her motion, must be dismissed. Section 11(c)(1)(A).

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<div style="text-align: right;">
s/ Katherine E. Oler
Katherine E. Oler
Special Master
</div>