# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-463V
### (UNPUBLISHED)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*
|                                   |    |                                          |
|-----------------------------------|----|------------------------------------------|
| JESSICA BUCKINGHAM,               | \* | Special Master Katherine E. Oler         |
|                                   | \* |                                          |
| Petitioner,                       | \* |                                          |
|                                   | \* | Filed: November 27, 2019                 |
| v.                                | \* |                                          |
|                                   | \* |                                          |
| SECRETARY OF HEALTH AND           | \* | Attorneys' Fees and Costs; Expert Costs. |
| HUMAN SERVICES,                   | \* |                                          |
|                                   | \* |                                          |
| Respondent.                       | \* |                                          |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*  \*

*Raeann Warner*, Jacobs & Crumplar, P.A., Wilmington, DE, for Petitioner.
*Lara A. Englund*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 12, 2016, Jessica Buckingham ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that she developed Guillain-Barré syndrome ("GBS") after receiving an influenza ("flu") vaccine on October 8, 2014. On February 21, 2019, Petitioner filed a motion to voluntarily dismiss her petition, and on February 25, 2019, the undersigned issued her Decision dismissing the petition for insufficient proof. Decision, ECF No. 35.

On August 8, 2019, Petitioner filed an application for reimbursement of attorneys' costs. Fees App., ECF No. 38. Petitioner requests total attorneys' costs in the amount of $6,925.33. Fees App. at 2. The undersigned notes that Petitioner has not requested any attorneys' fees for work

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

performed by her counsel. Pursuant to General Order No. 9, Petitioner states that she has not personally incurred any costs related to this case. ECF No. 41, Ex. 2. Respondent responded to the motion on August 8, 2019, stating that "Respondent defers to the Court regarding whether the statutory requirements for an award of attorney's fees and costs are met in this case" and asking that "the Court exercise its discretion and determine a reasonable award for litigation costs." Resp't's Resp. at 2-3, ECF No. 39. Petitioner did not file a reply thereafter, but filed documentation supporting the requested litigation costs on September 26, 2019. ECF No. 41.

On October 29, 2019, the undersigned issued a Decision on Attorneys' Fees and Costs granting a total of $5,988.76 in costs. The undersigned reduced Petitioner's request of $6,000.00 in expert witness costs of Dr. Alan Fink, by $900.00 as the invoices submitted in support of Petitioner's motion appeared to total only $5,100.00. *Id.*

On November 26, 2019, Petitioner filed a Motion for Reconsideration of the October 29, 2019 Decision on Attorneys' Fees and Cost. Recons. Mot., ECF No. 43. Specifically, Petitioner requests the additional $900.00 to Dr. Fink. For the reasons set forth below, Petitioner's motion is **GRANTED**, and the undersigned awards a total of **$6,888.76** in attorneys' costs.

## I.     Reasonable Attorneys' Costs

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, the undersigned does not doubt that the petition was filed in good faith, and although the petition was eventually dismissed, the undersigned finds that there was reasonable basis to file the petition. Respondent has also not challenged the reasonable basis of the petition. Accordingly, a final award of costs is appropriate.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

Petitioner requests a total of $6,925.33 in attorneys' costs. This amount is comprised of acquiring medical records, postage, and work by Petitioner's expert, Dr. Alan Fink, in reviewing medical records and providing an expert report. The undersigned has reviewed the submitted documentation and finds that several reductions must be made. First, although Petitioner requests a total of $612.58 for medical records, the submitted documentation only supports $586.01 of that amount. Accordingly, the undersigned shall reduce the final award of fees by **$26.57**.

Next, Petitioner requests $6,000.00 for the work of Dr. Alan Fink. On November 18, 2015, Dr. Fink sent an invoice to Petitioner's counsel for $5,000.00 for a record review retainer. ECF No. 41, Ex. 1 at 7. Dr. Fink was paid that amount on November 25, 2015. ECF No. 41, Ex. 1 at 6. Dr. Fink sent Petitioner's counsel a second invoice on December 23, 2015, for 12.75 hours of record review, at an hourly rate of $400.00, totaling $5,100.00. ECF No. 41, Ex. 1 at 11. The balance due on that invoice was $100.00, which reflected the $5,000.00 payment to Dr. Fink previously paid to him on November 25, 2015.

In a letter to Dr. Fink dated December 28, 2015, counsel for Petitioner indicated that she had enclosed a check for $1,000.00 "for the balance due on [his] records review as well as the office examination on December 30 and [his] report fee." ECF No. 41, Ex. 1 at 10. In her Reconsideration Motion, Petitioner clarifies that the $1,000.00 payment included the outstanding $100.00 from Dr. Fink's December 23, 2015 Invoice as well as payment for Dr. Fink's office examination of Petitioner and expert report. Recons. Mot. at 2.

Upon review, Petitioner's Exhibit 11 includes a report from Dr. Fink, dated December 30, 2015. ECF No. 1, Ex. 11. In his report, Dr. Fink states "I have had the opportunity to interview and examine Ms. Jessica Buckingham…" *Id.* This sufficiently corroborates Dr. Fink's "office examination on December 30" of Petitioner and "report fee" as stated in the December 28, 2015 letter. Despite her failure to provide a final invoice for the full $6,000.00 billed by Dr. Fink, I nevertheless grant Petitioner's request in full. Counsel is reminded that, keeping in line with the Vaccine Program Guidelines, future motions for attorneys' fees and costs ought to include all supporting documentation and invoices for the full amount requested.

Finally, Petitioner requests $10.00 for a cost associated with the Supreme Court of Delaware. Fees App. at 1, *see also* ECF No. 41, Ex. 1 at 1. Petitioner has not provided any supporting documentation for this cost and overall it is unclear as to what this cost actually represents or how a payment to the Supreme Court of Delaware is related to Vaccine Program litigation. It too shall be disallowed.

## II.    Conclusion

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request costs, other than the reductions delineated above, is reasonable. Based on the above analysis, the undersigned finds that it is reasonable to compensate Petitioner and her counsel as follows:

| Attorneys' Costs Requested | $6,925.33 |
|---|---|
| (Reduction of Costs) | - ($36.57) |
| **Total Attorneys' Costs Awarded** | **$6,888.76** |

**Accordingly, the undersigned awards the following:**

 **A lump sum in the amount of $6,888.76, representing reimbursement for reasonable attorneys' costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel of record, Ms. Raeann Warner.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

<u>**s/ Katherine E. Oler**</u>
Katherine E. Oler
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).